**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.   ) | **CRIMINAL NO. 3:07CR123 -HEH** |
| ) | |
| **ERIC WILLIAMS,** ) | |
| ) | |
| Defendant.  ) | |

**MEMORANDUM OPINION**

This non-dispositive matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(A) on the Defendant Eric Williams's Motion for Notice of Intent to Use and Description of Rule 404(b) Evidence (docket entry no. 13); Motion for Discovery (docket entry no. 14); Motion to Require the Government to Reveal Any Agreement, Concession or Grant of Immunity to a Witness or Prospective Witness (docket entry no. 16); Motion to Reveal the Identity of Informants (docket entry no. 17); and Motion for Exculpatory Evidence (docket entry no. 18). The Government has filed a Response. (Docket entry no. 23.) The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. For the reasons stated herein, the Defendant's motions will be GRANTED IN PART, and DENIED IN PART.

**DISCUSSION**

Williams has been indicted for three separate offenses: (1) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a); (2) possession of a firearm in furtherance

of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon in contravention of 18 U.S.C. § 922(g)(1). In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that a defendant's due process rights are violated if the prosecution fails to disclose evidence that is favorable to the defendant and that is material to guilt or punishment. "Favorable" evidence includes not only that evidence tending to exculpate the accused, but also any evidence adversely affecting the credibility of the government's witnesses. United States v. Trevino, 89 F.3d 187, 189 (4th Cir. 1996) (citing United States v. Bagley, 473 U.S. 667, 676 (1985), and Giglio v. United States, 405 U.S. 150, 154-55 (1972)). Evidence is "material" if there is a reasonable probability that it will affect the result of the proceeding. Trevino, 89 F.3d at 189 (citing Bagley, 473 U.S. at 682). With this framework in mind, the Court will address each of Williams five pretrial discovery motions in the order in which it was submitted.

**1. Motion for Notice of Intent to Use and Description of Rule 404(b) Evidence**

Williams asks this Court to order the Government to produce: (1) "notice of and a description of any prior similar act, as well as any other evidence covered by Rule 404(b) of the Federal Rules of Evidence, that the government would seek to introduce at trial"; and (2) "a statement of the government's theory of admissibility with respect to each item of Rule 404(b) evidence." (Def.'s Mot. Notice at 1.) In its Response, the Government attests that it "does not intend to introduce at trial evidence of prior bad acts of the defendant." (Gov't Resp. at unnumbered pg. 8.) Williams's motion must therefore be DENIED as moot given the

Government's Response.[1]

**2. Motion for Discovery**

The Defendant's discovery motion seeks access to various types of Brady materials pursuant to Fed. R. Crim. P. 16(a) – written and oral statements he has made; photos, books papers, or other documents that may help him in the preparation of his defense; reports of physical or mental exams; ballistic and/or fingerprint test results; transcripts of grand jury testimony given by witnesses the government plans on calling at trial; and the names of the witnesses the Government plans on calling as experts. (Def.'s Mot. Discovery at 1-2.) Williams's requests track that evidence subject to disclosure pursuant to Rule 16(a)(1), and his requests to discover information generally autorized under this section of the Rule will therefore be GRANTED. See Fed. R. Crim. P. 16(a)(1)(A)-(G). The Government contends that it offered Williams's counsel a "set of discovery materials" on July 3rd, but that "the defense refused to accept the materials because there was a charge associated with their copying costs." (Gov't Resp. at unnumbered page 1.) Moreover, the Government intends to file a standard discovery order that it represents will address all of the standard discovery issues, and asks that the order be entered by the Court even though it has not been agreed to by defense counsel.

However, there are certain additional categories of information requested by Williams that are not discoverable at this stage of the proceedings. Fed. R. Crim. P. 16(a)(2) states that a defendant may not discover or inspect "statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500." Section 3500(b) provides: "*After a witness called by*

---

[1] Should the Government subsequently identify the specific prior bad acts by the defendant that it may seek to introduce at trial, it should provide the defendant with "reasonable notice" of such potential evidence prior to trial. See Fed. R. Evid. 404(b).

*the United States has testified on direct examination*, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." (Emphasis added). Thus, Williams may not discover any prospective Government witness statements until those witnesses have testified at trial, unless the Government volunteers to produce such statements to the defense at an earlier time.

As to Williams's request for grand jury transcripts, they are not discoverable prior to trial unless a defendant can demonstrate that a particularized need for disclosure outweighs the need for protecting the secrecy of grand jury proceedings. See Fed. R. Crim. P. 16(a)(3); Fed. R. Crim. P. 6(e); see also United States v. Moussaoui, 483 F.3d 220, 235 (4th Cir. 2007). Williams has made no such showing. Therefore, Williams's Motion for Discovery will be GRANTED with respect to those elements properly discoverable under Fed. R. Crim. P. 16(a)(1); but DENIED with respect to those consisting of documents made by an attorney for the government or other government agent as well as statements of prospective government witnesses, and grand jury transcripts. See Fed. R. Crim. P. 16(a)(2)-(3).

**3. Motion to Require the Government to Reveal Any Agreement, Concession or Grant of Immunity to a Witness or Prospective Witness**

In Giglio v. United States, 405 U.S. 150 (1972), the Supreme Court held that an understanding or agreement with a government witness as to future prosecution must be revealed to the factfinder. Id. at 154-55. Indeed, evidence tending to impeach a government witness must be disclosed to the defendant if known to the government. Id. at 154. The Government has agreed to produce to Williams any Giglio materials for any witness who will testify in the Government's case no later than three calendar days prior to trial. (Gov't Resp. at unnumbered

page 2.) More specifically, the Government has agreed to produce information regarding any agreements with government witnesses and cooperators, including any grants of immunity, agreements regarding sentencing and relevant conduct, and agreements to forego prosecution. (Id. at unnumbered page 6.) Williams's motion will therefore be DENIED AS MOOT given the Government's representation that it will produce such information.

**4. Motion to Reveal the Identity of Informants**

Williams contends that informants in the instant case actively assisted the law enforcement agents involved in this matter by participating in and arranging the sales of illegal drugs "between the informants and the alleged conspirators." (Def.'s Mot. Reveal Identity at 1.) Specifically, he argues that he is accused of distributing drugs to individuals working as informants for the law enforcement agencies involved in this matter. (Id. at 3.)

There is no *per se* protocol to the disclosure of an informant's identity. Disclosure of the identity of an informant is required when the informant's testimony is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause[.]" Roviaro v. United States. 353 U.S. 53, 60-61 (1957). More specifically, "when the informant is an *active participant* in the transactions at issue instead of just a mere tipster, the failure to require disclosure of the informant's identity is more likely to amount to error." United States v. Blevins, 960 F.2d 1252, 1258 (4th Cir. 1992) (emphasis added and citations ommitted).[2] The burden is on Williams to establish that the Roviaro criteria supports disclosure of an informant's identity. Id. Accordingly, Williams "must come forward with something more than speculation

---

[2] At the same time, disclosure of an informant's identity need not be made if the informant was only used to obtain a search warrant. United States v. Poms, 484 F.2d 919, 922 (4th Cir. 1973).

as to the usefulness of such disclosure." Id. at 1259 (quoting United States v. Smith, 780 F.2d 1102, 1108 (4th Cir. 1985)) (en banc). Notwithstanding this framework, the Government has agreed to disclose the identities of informants at least three calendar days prior to trial. (Gov't Resp. at unnumbered page 4.) The motion will be DENIED AS MOOT given the Government's representation.

### 5. Motion for Exculpatory Evidence

Williams's motion for exculpatory evidence is extremely broad in what it seeks to discover, necessitating analysis of each request.

First, Williams seeks the disclosure of evidence establishing that he was not a participant in the activities charged, including (i) the names of any individual interviewed by the Government who failed to identify and/or mention Williams as being engaged in any crime; (ii) any evidence establishing Williams did not have knowledge of any act charged in the indictment; and (iii) the names of any person interviewed whom the Government will not call as a witness at trial. The Government has agreed to provide the information requested in subsection (ii), but also contends that requests (i) and (iii) are overly broad. With respect to the information requested in section (i), courts have found such requests lacking justification for disclosure. See United States v. Rhodes, 569 F.2d 384, 388 (5th Cir.) (non-identification is not "obviously exculpatory" material that must be disclosed to the defendant who makes a non-specific Brady demand), cert. denied, 439 U.S. 844 (1978); Jones v. United States, 648 F. Supp. 225, 240 n.11 (S.D.N.Y. 1986) (failures to identify are not obviously exculpatory). With respect to Williams's request for the names and addresses of the Government's witnesses, the Government need not make such disclosures prior to trial. See Smith, 780 F.2d at 1107-10; see also Weatherford v.

Bursey, 429 U.S. 545, 559 (1977) (defendant has no constitutional right to prosecution furnishing the names of its witnesses before trial). The Court will deny this aspect of the motion for the time being, but with leave granted to the defense to file an objection if it deems the disclosure *materially* lacking. See United States v. Fletcher, 74 F.3d 49, 54 (4th Cir. 1996) (noting that "[a] trial court's exercise of its Rule 16 powers to require parties to file pretrial memoranda or disclose witnesses is generally permissible.") (citation omitted).

Williams also seeks any material reflecting adversely on the credibility of government witnesses. The Government has agreed to provide information relating to its witnesses *currently* facing criminal prosecution only if the witness has received a promise regarding its outcome in exchange for the witness's cooperation. (Gov't Resp. at unnumbered page 4.) However, *prior* criminal convictions for felonies or misdemeanors involving moral turpitude ordinarily constitute material impeaching evidence. United States v. Miller, 478 F.2d 768, 769 (4th Cir. 1973). Accordingly, the Government has agreed to produce evidence of any prior felony convictions or misdemeanor convictions involving moral turpitude of its prospective witnesses. (Gov't Resp. at unnumbered page 4.)

The defense further demands disclosure of the reports, transcripts, etc., of non-witnesses. (Def.'s Mot. Exculpatory Evid. at 3.) Fed. R. Crim. P. 16(a)(2) clearly indicates that a defendant cannot discover or inspect "reports, memoranda, or other internal government documents made by an attorney for the government *or other government agent* in connection with investigating or prosecuting the case." (Emphasis added). Nor may Williams discover or inspect statements made by prospective witnesses, except as provided in 18 U.S.C. § 3500. Nonetheless, the Government agrees that it will provide any exculpatory information contained in any report, or

any information bearing on the credibility or bias of any government witness contained in said reports pursuant to Brady. (Gov't Resp. at unnumbered page 5.)

In response to Williams's demand for evidence of any drug abuse/alcohol abuse history of the Government's witnesses, the Government agrees to disclose such information to Williams. (Gov't Resp. at unnumbered pages 5-6.) Moreover, the Government also agrees to disclose to Williams any information regarding psychiatric or psychological treatment of any testifying witness that is known by the Government, as permitted by applicable law. (Id. at 6.)

With regard to the defense's demand for "any information . . . that any witness previously lied, prevaricated or withheld information" (Def.'s Mot. Exculpatory Evid. ¶ 14), such information is properly discoverable. Prior inconsistent statements made by a government witness are subject to Brady disclosure because such statements may be used for impeachment purposes. See Giglio, 405 U.S. at 154 ("When the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within th[e] general rule [of Brady].") The Government agrees to provide to Williams information pertaining to prior inconsistent statements or omissions that is within the Government's actual possession, custody, or control. (Gov't Resp. at unnumbered page 7.)

Williams also seeks information contained in government witnesses' presentence reports (PSRs), including information relating to relevant conduct, the Government's submissions to the probation officer relating to the PSRs, and worksheets used for calculating the sentencing guidelines. (Def.'s Mot. Exculpatory Evid. ¶¶ 16, 21, 22.) But it is unclear at present how such information is material or favorable to Williams's defense. "PSRs, by their vary nature, do not fit particularly well within the Brady/Giglio framework." United States v. Trevino, 89 F.3d 187,

192 (4th Cir. 1996); see id. (recognizing that PSRs should be "jealously guarded"). To gain access to the PSRs, Williams must identify "the information contained in the report[s] that he expects will reveal exculpatory or impeachment evidence," id., and must further demonstrate that the material in the PSR is "both material and favorable to his defense," id. at 193; see also United States v. Beckford, 962 F. Supp. 780, 797-802 (E.D. Va. 1997) (declining to conduct *in camera* review of PSRs because defendant's "generalized motions" stating that the PSRs might contain information favorable to the accused failed to meet Trevino "materiality" and "favorability" standards for disclosure). Williams has made no such showing here other than general conclusory statements, and the request for access to PSRs must therefore be DENIED.

Finally, in response to the defense demand for evidence of disciplinary measures taken against potential law enforcement witnesses, the Government has agreed to produce such information "to the extent such material exists relating to law enforcement officers involved in this investigation or who are going to testify on behalf of the government." (Gov't Resp. at unnumbered page 7.)

For all of these reasons, the Defendant's motions will be GRANTED IN PART, and DENIED IN PART, with the issuance of the standard Discovery Order as propounded by the Government that has been utilized over time.

An appropriate Order shall issue.

                                                          _____/s/_____
                                                       Dennis W. Dohnal, U.S. Magistrate Judge

Date: 8/9/07
Richmond, Va.